UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ALTONIO D. WARREN,

                Petitioner,                **OPINION & ORDER**
                                                     **CV-07-4117**

-against-


JAMES CONWAY,

                Respondent.
----------------------------------------------------X
FEUERSTEIN, J.

Presently before this Court is petitioner's second application for an extension of time to file a notice of appeal.

I.     Procedural History

On or about September 26, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging two (2) judgments of conviction entered against him on October 28, 2003 in the County Court of the State of New York, Suffolk County (Hinrichs, J.). The first judgment of conviction was entered upon a jury verdict finding petitioner guilty of manslaughter in the first degree (N.Y. Penal Law § 125.20), gang assault in the first degree (N.Y. Penal Law § 120.07), assault in the first degree (N.Y. Penal Law § 120.10(3)) and two counts of assault in the third degree (N.Y. Penal Law §§ 120.00(1)(2)), and imposition of sentence. The second judgment of conviction was entered upon petitioner's plea of guilty to attempted promoting prison contraband in the first degree (N.Y. Penal Law §§ 110/205.25(2), and imposition of sentence. By opinion and order entered November 20, 2008, petitioner's petition

was denied, the proceeding was dismissed and a certificate of appealability was denied. Final judgment was entered in favor of respondent and against petitioner on November 24, 2008.

Petitioner filed an application for an extension of time to file a notice of appeal of the final judgment dated January 23, 2009, which was not received by the clerk of the Court until January 29, 2009. In his application, petitioner stated that he did not timely file a notice of appeal of the final judgment because, *inter alia*, he did not receive notice of the order and final judgment until January 16, 2009, when he returned to Upstate Correctional Facility after being housed in Riverhead County Correctional Facility on "a criminal matter." By order dated February 11, 2009, petitioner's application for an extension of time to file a notice of appeal was denied without prejudice to renewal within ten (10) days from the date of the order upon proof of filing the application in accordance with the "prisoner mailbox rule."

On February 13, 2009, the clerk of the Court received another request by petitioner for an extension of time to file a notice of appeal of the final judgment, this time by way of notice of motion with an affidavit of service indicating that the motion was served on February 9, 2009. In his affidavit in support of the motion, petitioner admits that he was represented by pro bono counsel, Christopher Cassar, Esq., in this proceeding as of October 26, 2007. (Aff., ¶2). Petitioner also recognizes that notice of entry of the final order was served upon Mr. Cassar and that Mr. Cassar attempted to notify petitioner of the order. (Aff., ¶¶ 5, 8).

II. Discussion

As noted in the prior order denying petitioner's original application for leave to file a late notice of appeal: (1) Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure required petitioner to file a notice of appeal of the final judgment by December 24, 2008; and (2) Rule

4(a)(5) of the Federal Rules of Appellate Procedure required petitioner to move for leave to file a late notice of appeal on or before January 23, 2009, the thirtieth day after the time to file the notice of appeal had expired. Since petitioner's affidavit of service indicates that he did not file his second motion for leave to file a late notice of appeal until February 9, 2009, this Court lacks jurisdiction to grant the relief requested in that motion. See Goode v. Winkler, 252 F.3d 242, 245 (2d Cir. 2001).[1]

III. Conclusion

Petitioner's second motion for an extension of time to file a notice of appeal is denied.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 17, 2009
Central Islip, New York

Copies to:

Altonio D. Warren
03A5893
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

---

[1] As noted in the prior order, petitioner cannot avail himself of Rule 4(a)(6) to reopen his time to file an appeal because his counsel admittedly received notice of the entry of the order and judgment within twenty-one (21) days after entry, see Fed. R. App. P. 4(a)(6)(A). The clerk's service of the order and final judgment upon Mr. Cassar was proper pursuant to Rules 5 and 77(d) of the Federal Rules of Civil Procedure. See Dempster v. Dempster, 404 F.Supp.2d 445, 448 (E.D.N.Y. 2005) (holding that e-mail service of a notice of entry of an order or judgment is authorized in the Eastern District of New York and has been deemed to constitute proper service pursuant to Rule 77 of the Federal Rules of Civil Procedure).

Christopher J. Cassar P.C.
13 East Carver Street
Huntington, New York 11743

Suffolk County District Attorney's Office
Criminal Courts Building
200 Center Drive
Riverhead, New York 11901
Attn: Glenn D. Green, A.D.A.